UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARIN LAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 4512 |
| | ) | |
| PAUL J. KAUPAS, JOHN MOSS, | ) | Judge Joan B. Gottschall |
| STEVE MCGRATH, PATRICK MAHER, | ) | |
| MARTIN NOWAK, and DUANE DAVIS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Earin Land filed this § 1983 action against Defendants Paul J. Kaupas, John Moss, Steven McGrath, Patrick Maher, Martin Nowak, and Duane Davis (collectively, "the Defendants") alleging that he had been subjected to political retaliation in violation of the First Amendment because Land, a law enforcement officer, withdrew his support for Sheriff Paul J. Kaupas. This court granted the Defendants' motion for summary judgment, dismissing the action with prejudice. Presently, the Defendants move for an award of sanctions under Federal Rule of Civil Procedure 11 and an award of attorney's fees and costs as the prevailing party under 42 U.S.C. § 1988(b). For the reasons that follow, the court denies the Defendants' motion.

**I. BACKGROUND**

**A. Factual Background**[1]

As noted, Land filed a § 1983 action alleging that the Defendants retaliated against him in violation of his First Amendment rights. After working in the Will County Sheriff's Office since 1989, Land was promoted to the rank of sergeant in 2002. Land had been an active supporter of

---
[1] The facts are derived from those set forth in the Order granting Defendants' motion for summary judgment. *See Land v. Kaupas*, No. 06 C 4512, 2009 WL 3187788, **1-2 (N.D. Ill. Sept. 30, 2009).

Defendant Kaupas's successful 2002 campaign for Sheriff of Will County, but during a March 7, 2005 meeting with Defendant Nowak (the Undersheriff for Will County and Kaupas's 2002 campaign manager) Land informed Nowak that he would not support Kaupas's reelection campaign.

In May of 2005, Land took part in an incident that resulted in his investigation by the Internal Affairs Unit of the Sheriff's Office. In short, Land placed his hand over the ear of a subordinate, Dan Patriquin, and kissed his own hand as well as part of Patriquin's ear. About a month later, with the support of Defendant Davis—Patriquin's "liaison officer"—Patriquin filed a formal sexual harassment complaint. Defendant McGrath, a sergeant in Internal Affairs, led the investigation into Patriquin's complaint. Although the investigators ultimately concluded that Land had not violated the Sheriff's Office's sexual harassment policy, Land received a one-day suspension for "conduct unbecoming." In addition, because various witnesses contradicted certain statements Land made in the first investigation, Internal Affairs launched a second investigation in which Land was charged with untruthfulness, failure to cooperate, and conduct unbecoming. Although Land admitted that he had been less than forthright in the first investigation, Kaupas dropped the second investigation and chose not to punish Land.

**B. Procedural Background**

Land's complaint, filed August 21, 2006, alleged six acts of retaliation following his March 2005 meeting with Nowak, including: "(a) [p]ressuring another employee to file a knowingly false and baseless complaint against Land; and (b) [l]aunching an unwarranted internal affairs investigation against Land that was designed solely to retaliate against him and to discredit him in the eyes of his fellow officers." A news article on Land's lawsuit, in which Land denied that the lawsuit was politically motivated, was published in the Chicago Tribune on

September 11, 2006. *See* Hal Dardick, *Sheriff in Will Sued by Sergeant; Plaintiff Alleges Political Retaliation*, Chi. Trib., Sept. 11, 2006 at 3. On November 21, 2006, the Defendants sent Land a letter requesting that he withdraw certain allegations in the complaint; attached to that letter, the Defendants included a proposed motion for sanctions under Rule 11.[2] Land refused to drop the allegations, and the parties commenced discovery. On February 27, 2008, the court denied two of the Defendants' motions for sanctions under Rule 37(b). In those motions, the Defendants alleged that Land engaged in witness tampering; the court found that sanctions would be premature at that time.

On August 30, 2008, Land filed a motion to compel the Defendants to "[i]dentify each and every individual who has been formally investigated by the [Sheriff's Internal Affairs Office] since January 1, 2005." The court denied this motion without prejudice and requested that Land narrow his request. Land filed another motion to compel on October 24, 2008, and the court again denied the motion, noting that Land failed to narrow the request or to demonstrate the relevance of the information sought. The court remarked "if [Land's motion] is not a fishing expedition, plaintiff has failed to make clear what else it could be."

As the summary judgment deadline approached, the Defendants made four separate requests asking Land to withdraw any allegations he intended not to pursue. Land did not withdraw any of his allegations. The Defendants then moved for summary judgment, which the court granted on September 30, 2009. *Land*, 2009 WL 3187788 at *7. The court held that Land failed to meet his initial or ultimate burden of putting forth evidence to show his protected conduct was a motivating factor in any of the adverse actions against him. As to the allegations

---

[2] The proposed motion for sanctions asserted that Land's previous admissions regarding his kissing Patriquin on the ear and Patriquin voluntarily informing his supervisors of the incident made it "impossible for [Land] to show that Patriquin's report and the investigation thereof were motivated by some political agenda on the part of the Defendants."

3

relevant to the Defendants' motion for sanctions, the court noted that because Land admitted he did in fact kiss Patriquin's ear, he could not satisfy his ultimate burden of showing that "a rational fact finder could infer . . . [defendants'] explanations [for the adverse actions] were lies." *Id.* at 3.

## II. ANALYSIS

The Defendants argue that Rule 11 sanctions are appropriate because some of the allegations in the Complaint were "frivolous, legally unreasonable and without factual foundation." They claim that Land knew that the allegations were false because he had admitted committing the acts underlying the sexual harassment complaint, and that Land could not have a good faith basis for pursuing the allegations once he received the proposed motion for sanctions because the motion detailed why those admissions defeated Land's allegations.

The Defendants further argue that Land pursued the false allegations for an improper purpose: to create negative publicity for Sheriff Kaupas before the 2006 election and to make the lawsuit as expensive and burdensome as possible after the election. In support of this assertion, the Defendants point to the length of Land's discovery responses, the amount of discovery produced, and the length of Land's deposition. Additionally, the Defendants note that the court twice sustained their objections to Land's motion to compel access to Sheriff's Office Internal Affairs files. The Defendants urge the court to award attorney's fees and the costs they incurred as the prevailing party under 42 U.S.C. § 1988(b).

### A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 provides that by presenting a pleading to the court, an attorney is representing that the pleading "is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . [and] the

4

factual contentions have evidentiary support, or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (3). A motion for Rule 11 sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).[3] If a party violates Rule 11 by "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose," the court may impose an appropriate sanction after notice and a reasonable opportunity to respond. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A frivolous claim is "one that is 'baseless and made without a reasonable and competent inquiry.'" *Id.* (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). Rule 11 is not a fee-shifting statute; it is a "law imposing sanctions if counsel files with improper motives or inadequate investigation." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc).

The court declines to impose sanctions here. Although the court granted summary judgment for the defendants, "failure of proof during discovery does not imply a violation of Rule 11." *LaSalle Nat'l Bank of Chi. v. Cnty. of DuPage*, 10 F.3d 1333, 1339 (7th Cir. 1993) (quotation omitted). The Defendants have not demonstrated that Land failed to make a reasonable and competent investigation into his claims, or that he pursued his claims in bad faith. While the basis for Land's complaint may have been too weak to survive the Defendants' motion for summary judgment, it was not frivolous or entirely devoid of factual and legal basis. It is

---

[3] "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999). Here, although captioned as a Motion for Sanctions under Rule 11, Defendants have, in the same motion, moved for attorneys' fees as the prevailing party in a § 1983 lawsuit under § 1988. In their reply brief in support of the Motion for Sanctions, Defendants' argue that "while § 1988 is a fee shifting statute, it is the functional equivalent of Rule 11 for a defendant seeking fees," because the same legal standard applies for a defendant seeking attorney's fees under Rule 11 and seeking attorney's fees under § 1988. (Defs.' Reply in Support of Mot. for Sanctions at 2.) The court need not determine if the filing of the motion for sanctions in conjunction with the motion for attorney's fees was procedurally appropriate because both motions are denied on other grounds.

inherently difficult to prove a conspiratorial agreement among defendants. *See LaSalle*, 10 F.3d at 1339. The court declines to infer that Land advanced the case knowing his claims were baseless because Land can, and does, point to factual and legal arguments underlying his allegations.[4] As the Seventh Circuit noted, "Rule 11 does not jeopardize aggressive advocacy or legal evolution." *Mars*, 880 F.2d at 932.

Additionally, the Defendants have not demonstrated that Land filed the lawsuit to punish Sheriff Kaupas by creating negative publicity or making the lawsuit as expensive and burdensome as possible. That the lawsuit was filed in August of an election year and a newspaper article appeared in September of that same year does not give rise to an inference that the sole purpose for the lawsuit was to create negative publicity for Sheriff Kaupas's campaign. Additionally, the Defendants provide no legal authority in support of their argument that Land's detailed answers to interrogatories were inappropriate; nor does the Defendants' claim that they wasted time and resources investigating the allegations in Land's written discovery responses demonstrate how the responses were overly burdensome. Moreover, after reviewing the transcript of Land's deposition, the court notes that all parties were responsible for the duration of that deposition. Finally, although the court found that Land's motions to compel Internal Affairs files were potentially burdensome and not adequately justified, the court declines to infer that these motions were made in bad faith by Land.

---

[4] Although Land "admitted that Defendants' proffered explanation for the adverse actions against him [were] true," Land attempted, but failed, to put forth evidence sufficient for a reasonable jury to find that Defendants' stated reasons for the complaint and investigations were pretextual. *Land*, 2009 WL 3187788 at *3-*4. Land argued that Patriquin felt "hounded" by Defendant Davis to file the complaint, which the court deemed irrelevant in light of Patriquin's other testimony, and Land did not provide sufficient evidence to show how Davis was "retaliating" against Land. *Id.* at *3. As to the internal investigation claim, Land put forth evidence of Defendant McGrath's animus but failed to put forth additional evidence necessary to demonstrate the causal connection between McGrath's animus and Land's withdrawal from Kaupas's campaign. *Id.* at *4. However, the Defendants do not point to any evidence that these argument were not made in good faith after a reasonable and competent inquiry, nor does the court find that these insufficient arguments were legally baseless or without any factual foundation.

**B. Attorney's Fees and Costs Under § 1988**

The Defendants also move for an award of attorney's fees as the prevailing party in a § 1983 action, arguing that all of Land's allegations in Paragraph 17 of the Complaint were "frivolous, legally unreasonable and without factual foundation." (Defs.' Mot. for Sanctions at 9-12.)

Under § 1988, the prevailing party in a § 1983 action can be awarded attorney's fees. 42 U.S.C. § 1988(b). The award is within the court's discretion, but "prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." *Roger Whitmore's Auto. Servs., Inc. v. Lake County*, 424 F.3d 659, 675 (7th Cir. 2005). A prevailing defendant "may be entitled to fees only in cases in which the plaintiff's action was frivolous, unreasonable, or groundless." *Id.* A frivolous suit is one that has "no reasonable basis, whether in fact or in law." *Id.* (quotation omitted).

As a preliminary matter, the court rejects Land's argument that the Defendants' motion was not timely. Although Land argues that a § 1988 motion for attorney's fees must be brought within fourteen days of judgment under Federal Rule of Civil Procedure 54(d), the Northern District of Illinois Local Rules allow ninety-one days to bring the motion. *See* LR54.3. The Defendants' motion was filed within the time period required by the local rules.

But as previously noted, the court does not find the allegations in Land's complaint to be frivolous. Although the claims were weak and did not survive the Defendants' Motion for Summary Judgment, "a weak case does not a frivolous case make." *Roger Whitmore's*, 424 F.3d at 676. Indeed, Land's "theory of the case was not so lacking in reasonableness that it should be deemed frivolous." *Id.* Land cited various bits of circumstantial evidence for the other allegedly

retaliatory acts in his response to the Defendants' motion for summary judgment.[5] While this evidence was too weak for the court to infer retaliatory motive, and Land failed to present sufficient evidence, these allegations were not frivolous. Thus, the court declines to award attorney's fees for the Defendants.

### III. CONCLUSION

For the foregoing reasons, the court declines to impose Rule 11 sanctions or award attorney's fees to the Defendants under § 1988.


ENTER: /s/

JOAN B. GOTTSCHALL

United States District Judge


DATED: April 28, 2011

---

[5] This evidence was discussed in greater detail by the court in its Order granting the Defendants' Motion for Summary Judgment. *See Land*, 2009 WL 3187788, at \*\*5-7.